25 Civ. 3734 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARYELLEN NOVAK,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTIONS TO DISMISS AND FOR
SUMMARY JUDGMENT BASED ON QUALIFIED
IMMUNITY**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
for Defendants City of New York, Neil Zuber,
Ashley Maharaj and Qasim Mushtaq
100 Church Street
New York, N.Y.  10007

Of Counsel:  Mark D. Zuckerman
Tel:  (212) 356-3519

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ III

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 1

LEGAL STANDARD .......................................................................................................... 3

        A.   Summary Judgment ....................................................................................... 3

        B.   Rule 12(b)(6) .................................................................................................. 4

ARGUMENT

      POINT I

          THE INDIVIDUAL DEFENDANTS ARE
          PROTECTED BY QUALIFIED IMMUNITY AS
          TO PLAINTIFF'S FEDERAL FALSE ARREST
          CLAIMS ....................................................................................................... 6

        A.   Qualified Immunity ....................................................................................... 6

        B.   Probable Cause .............................................................................................. 8

        C.   "Arguable Probable Cause" to Arrest Plaintiff.................................... 9

      POINT II

          THE INDIVIDUAL DEFENDANTS ARE
          PROTECTED BY QUALIFIED IMMUNITY AS
          TO PLAINTIFF'S FIRST AMENDMENT
          RETALIATION CLAIMS....................................................................... 11

      POINT III

          THE COURT SHOULD DECLINE
          SUPPLEMENTAL JURISDICTION OVER
          PLAINTIFF'S STATE LAW CLAIMS .................................................. 12

      POINT IV

          PLAINTIFF'S STATE LAW FALSE ARREST
          CLAIMS SHOULD BE DISMISSED ...................................................... 13

**Page**

POINT V

      PLAINTIFF'S       NEGLIGENT       HIRING,
      RETENTION, TRAINING AND SUPERVISION
      CLAIM AGAINST THE CITY SHOULD BE
      DISMISSED ........................................................................................ 14

CONCLUSION ................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                           <u>Pages</u>

Alhovsky v. Paul,
    406 F. App'x 535 (2d Cir. 2011) (Summary Order)................................................................8

Amore v. Novarro,
    624 F.3d 522 (2d Cir. 2010).....................................................................................................7, 8

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986).......................................................................................................................3

Ashcroft v. Iqbal,
    556 U.S. 662 (2008)...................................................................................................................4, 5

Atwater v. Lago Vista,
    532 U.S. 318 (2001).......................................................................................................................9

Barkai v. Mendez,
    629 F. Supp. 3d 166 (S.D.N.Y. 2022)...................................................................................6, 13

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)...................................................................................................................4, 5

Bouchard v. New York Archdiocese,
    719 F. Supp. 2d 255 (S.D.N.Y. 2010)...............................................................................14, 15

Boyd v. City of New York,
    336 F.3d 72 (2d Cir. 2003).......................................................................................................8, 13

Boykin v. City of New York,
    21 Civ. 1362 (DLC), 2022 U.S. Dist. LEXIS 178045
    (S.D.N.Y. Sept. 29, 2022).........................................................................................................11

Case v. City of New York, et al.,
    408 F. Supp. 3d 313 (S.D.N.Y. 2019).......................................................................................9

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986).......................................................................................................................3

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)....................................................................................................5, 6

DeLuca v. AccessIT Group, Inc.,
    695 F. Supp. 2d 54 (S.D.N.Y. 2010).........................................................................................5

District of Columbia v. Wesby,
    583 U.S. 48 (2018).........................................................................................................................7

**Cases**                                                                                          **Pages**

Doe v. Abdulaziz Bin Fahd Alsaud,
    12 F. Supp. 3d 674 (S.D.N.Y. 2014)......................................................................14

Dorsett v. County of Nassau,
    732 F.3d 157 (2d Cir. 2013)...........................................................................11

Ehrens v. Lutheran Church,
    385 F.3d 232 (2d Cir. 2004)..........................................................................14

Garcia v. Doe,
    779 F.3d 84 (2d Cir. 2014)........................................................................7, 15

Goodman v. City of New York, et al.,
    14 Civ. 5261 (CM), 2015 U.S. Dist. LEXIS 37063
    (S.D.N.Y. Feb. 18, 2015).............................................................................4, 9

Hirsch v. Complex Media, Inc.,
    18 Civ. 5488 (CM), 2018 U.S. Dist. LEXIS 209701
    (S.D.N.Y. Dec. 10, 2018)............................................................................6, 13

Hygh v. Jacobs,
    961 F.2d 359 (2d Cir. 1992)............................................................................8

Illinois v. Gates,
    462 U.S. 213 (1983).......................................................................................8

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)............................................................................5

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006)........................................................................9, 10

Estate of Jaquez v. City of New York,
    10 Civ. 2881 (KBF), 2014 U.S. Dist. LEXIS 81577
    (S.D.N.Y. June 6, 2014)............................................................................14, 15

Kisela v. Hughes,
    584 U.S. 100 (2018)........................................................................................7

Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York,
    464 F.3d 255 (2d Cir. 2006)..........................................................................12

Kolari v. N.Y. Presbyterian Hosp.,
    455 F.3d 118 (2d Cir. 2006)......................................................................12, 13

**Cases**                                                                                      **Pages**

Kravtchouk v. City of New York, et al.,
      16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982
      (E.D.N.Y. Sept. 30, 2019)........................................................................................5, 13

Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.,
      192 F.3d 337 (2d Cir. 1999).......................................................................................4

Lennon v. Miller,
      66 F.3d 416 (2d Cir. 1995)......................................................................................7, 8

Messerschmidt v. Millender,
      565 U.S. 535 (2011).....................................................................................................6

Michigan v. DeFillippo,
      443 U.S. 31 (1979).......................................................................................................9

Miloslavsky v. AES Eng'g Soc'y, Inc.,
      808 F. Supp. 351 (S.D.N.Y. 1992),
      aff'd, 993 F.2d 1534 (2d Cir. 1993)...........................................................................8

Mosca v. City of New York,
      17 Civ. 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846
      (E.D.N.Y. Apr. 24, 2018)......................................................................................14, 15

Mozzochi v. Borden,
      959 F.2d 1174 (2d Cir. 1992)....................................................................................11

Nieves v. Bartlett,
      139 S. Ct. 1715 (2019)...............................................................................................11

Pearson v. Callahan,
      555 U.S. 223 (2009).....................................................................................................6

Pierson v. Ray,
      386 U.S. 547 (1967).....................................................................................................9

Provost v. City of Newburgh,
      262 F.3d 146 (2d Cir. 2001).......................................................................................7

Quaratino v. Tiffany & Co.,
      71 F.3d 58 (2d Cir. 1995)............................................................................................3

Reichle v. Howards,
      566 U.S. 658 (2012).....................................................................................................7

**Cases**                                                                                      **Pages**

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997)...........................................................................8, 9

Russo v. City of Bridgeport,
    479 F.3d 196 (2d Cir. 2007)...............................................................................7

Scott v. Harris,
    550 U.S. 372 (2007)............................................................................................4

Scotto v. Almenas,
    143 F.3d 105 (2d Cir. 1998)...............................................................................4

Seabrook v. Jacobson,
    153 F.3d 70 (2d Cir. 1998).................................................................................12

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995).................................................................................8

Soliman v. City of New York,
    15 Civ. 5310 (PKC)(RER), 2017 U.S. Dist. LEXIS 50599
    (E.D.N.Y. Mar. 31, 2017).................................................................................14, 15

Twin Laboratories, Inc. v. Weider Health & Fitness,
    900 F.2d 566 (2d Cir. 1990)...............................................................................3

Velez v. City of New York,
    730 F.3d 128 (2d Cir. 2013)...........................................................................14, 15

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996)...............................................................................9

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993)...............................................................................3

Zanfardino v. City of New York, et al.,
    230 F. Supp. 3d 325 (S.D.N.Y. 2017).............................................................14, 15

Zellner v. Summerlin,
    494 F.3d 344 (2d Cir. 2007)...........................................................................9, 10

**Statutes**

28 U.S.C. § 1367(a) ...............................................................................................12

28 U.S.C. § 1367(c) ...............................................................................................12

**Statutes**                                                                                           **Pages**

28 U.S.C. § 1367(c)(3)....................................................................................................12

42 U.S.C. § 1983...........................................................................................................7

Fed. R. Civ. P. 8............................................................................................................5

Fed. R. Civ. P. 8(a)(2)....................................................................................................5

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 4

Fed. R. Civ. P. 56..........................................................................................................1

Fed. R. Civ. P. 56(c) ......................................................................................................3

Local R. 56.1 .................................................................................................................1

N.Y. Penal Law § 110.00...............................................................................................10

N.Y. Penal Law § 145.00(1) ..........................................................................................10

N.Y. Penal Law § 240.20(5) .......................................................................................9, 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

MARYELLEN NOVAK,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF MOTIONS
TO DISMISS AND FOR
SUMMARY JUDGMENT
BASED ON QUALIFIED
IMMUNITY**

**25 CV 3734 (CM)**

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

Defendants City of New York, Neil Zuber, Ashley Maharaj and Qasim Mushtaq, hereby respectfully submit their Memorandum of Law in support of their motion for summary judgment and dismissal of plaintiff's federal claims with prejudice on the basis of qualified immunity pursuant to Rule 56, Fed. R. Civ. P. and the Court's Individual Rules of Practice (individual defendants only), as well as the dismissal of plaintiff's state law claims pursuant to Rule 12(b)(6), Fed. R. Civ. P. For the reasons set forth herein, defendants' motions should be granted in their entirety and plaintiff's complaint (the "Complaint") dismissed with prejudice.

## STATEMENT OF FACTS

"Shortly before May 7th, [2024], students from Columbia University Apartheid Divest ("CUAD") asked [plaintiff] to serve as a safety marshal in an action they were organizing for May 7, 2024. (Defendants' Local Rule 56.1 Statement (hereinafter "Ds' 56.1"), ¶1) In plaintiff's estimation and opinion, "[her] position [as a safety marshal] is to help ensure the safety of three populations. That's the participants of the action, [herself], and if [she] happen[s] to have a team of de-escalators and marshals, and the third population is the public." (Ds' 56.1, ¶2).

"[A]t around 8:30 a.m. [on May 7, 2024], [plaintiff] and the rest of the [15-20 CUAD protesters] made their way [from Central Park] to the protest location at 72nd Street and Park Avenue on the sidewalk in front of Barnard trustee Francine LeFrak's home." (Ds' 56.1, ¶3) "…[P]laintiff wore an identifiable yellow, crossing guard-style vest…." (Ds' 56.1, ¶4)

"The protest commenced at or around 9:00 a.m." (Ds' 56.1, ¶5) "Police arrived at or around 9:15 a.m." (Ds' 56.1, ¶6) After the police arrived, plaintiff "introduced" [herself] to the defendants P.O.s Qasim Mushtaq and Ashley Maharaj. Plaintiff "said that [she] was the safety marshal, the de-escalator, and the police liaison. [She] asked if they had any questions about this action that [she] would probably be the best person to speak with. And then [she] explained that this was a moving picket." (Ds' 56.1, ¶7)

The protest consisted of a "walking picket" outside of Ms. LeFrak's residence near the southeast corner of East 72nd Street and Park Ave, which according to plaintiff "is a common act of protest where people move in a usually circular motion in an area where they do not interfere with pedestrians." (Ds' 56.1, ¶8) "At or around 9:45 a.m., the protest ended,…." (Ds' 56.1, ¶9) The "walking picket" ended after approximately 45 minutes. (Ds' 56.1, ¶10) The demonstration was over after the moving picket ended. (Ds' 56.1, ¶11) None of the individually named defendants interfered with the "moving picket." (Ds' 56.1, ¶12)

"The group [then] started walking west bound on East 72nd Street toward Park Avenue" and left the protest location. (Ds' 56.1, ¶13) "When they had a walk signal, the group began walking along the crosswalk on Park Avenue. (Ds' 56.1, ¶14) Plaintiff was following the group as they were crossing Park Ave. (Ds' 56.1, ¶15) P.O.s Mushtaq and Maharaj also followed the group as they crossed Park Ave. as plaintiff had asked them to do. (Ds' 56.1, ¶16)

A vehicle that was heading westbound on East 72nd Street then made a left hand turn onto Park Ave. (Ds' 56.1, ¶17) The vehicle entered the cross walk in front of where plaintiff was standing. (Ds' 56.1, ¶18) The vehicle slowed down. (Ds' 56.1, ¶19) Plaintiff then ran to in front of the vehicle and stood in front of it with outstretched arms, thereby blocking it from moving forward. (Ds' 56.1, ¶20)

Immediately before plaintiff began to run to in front of the vehicle, she had been standing on the median of Park Ave. (Ds' 56.1, ¶21) After plaintiff ran to in front of the vehicle, she banged on the hood of the vehicle four to five times. (Ds' 56.1, ¶22) Plaintiff was then struck by the vehicle driven by Reuven Kahane. (Ds' 56.1, ¶23) The Kahane vehicle hit no one else other than plaintiff. (Ds' 56.1, ¶24)

Plaintiff was arrested resulting from the subject incident. (Ds' 56.1, ¶25). Another "safety marshal," John Mark Rosenthal, was also arrested as plaintiff was walking across Park Ave. (Ds' 56.1, ¶26) The man who struck plaintiff with his car, Reuven Kahane, was arrested immediately. (Ds' 56.1, ¶27)

## LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995); Twin Laboratories, Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir. 1990). To survive summary judgment, however, the non-moving party must produce evidence to support her case and "may not rely simply on conclusory statements or

on contentions that the [admissible evidence] supporting the motion [is] not credible." <u>Ying Jing</u> <u>Gan v. City of New York</u>, 996 F.2d 522, 532 (2d Cir. 1993). Evidence that is "merely colorable or not significantly probative" is insufficient to defeat a motion for summary judgment. <u>Lane Capital</u> <u>Mgmt., Inc. v. Lane Capital Mgmt., Inc.</u>, 192 F.3d 337, 346 (2d Cir. 1999); <u>see</u> <u>also</u> <u>Scotto v.</u> <u>Almenas</u>, 143 F.3d 105, 114-15 (2d Cir. 1998). Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no reasonable juror could believe it, a court should not adopt that version of events for purposes of ruling on a motion for summary judgment." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). "A court confronted with a motion for summary judgment should not conclude that a plaintiff's testimony raised a genuine issue of disputed fact when that testimony was contradicted by a video recording of the very incident to which the testimony related." <u>Goodman v. City of New York, et. al.</u>, 14 Civ. 5261 (CM), 2015 U.S. Dist. LEXIS 37063, at *7 (S.D.N.Y. Feb. 18, 2015) (citing <u>Scott</u>, <u>supra</u>) (noting that <u>Scott</u> was a summary judgment motion in the context of qualified immunity).

**B.      Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u>

4

Two working principles determine whether a complaint may survive a motion to dismiss. <u>Ashcroft</u>, 556 U.S. at 678-679. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. (citing <u>Twombly</u>, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Id</u>. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. <u>Id</u>. (citing <u>Twombly</u>, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>. (quoting <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" <u>Id</u>. (citing Fed. Rule Civ. Proc. 8(a)(2)).

"The Court's review of defendants' motion to dismiss is limited to the facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, documents integral to the complaint, and matters of which the Court may take judicial notice." <u>Kravtchouk v. City of New York, et. al.</u>, 16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982, at *8 (E.D.N.Y. Sept. 30, 2019); <u>see also</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) ("a court may consider 'matters of which judicial notice may be taken, or . . . documents either in plaintiff[']s possession or of which plaintiff[] had knowledge and relied on in bringing

suit'"). "To be integral to a complaint, the plaintiff must have 1) actual notice of the extraneous

information and 2) relied upon the documents in framing the complaint." DeLuca v. AccessIT

Group, Inc., 695 F. Supp.2d 54, 60 (S.D.N.Y. 2010) (quoting Chambers at 153). "When specific

interactions give rise to claims, recordings thereof are often deemed integral to the complaint."

Barkai v. Mendez, 629 F. Supp.3d 166, 176 (S.D.N.Y. 2022) (collecting cases). Where a video is

integral to the complaint, it may be considered upon a motion to dismiss, and the "[c]ourt need not

accept the party's characterizations" of it. See Hirsch v. Complex Media, Inc., 18 Civ. 5488 (CM),

2018 U.S. Dist. LEXIS 209701, at *6-7 (S.D.N.Y. Dec. 10, 2018).

## ARGUMENT

### POINT I

### THE INDIVIDUAL DEFENDANTS ARE PROTECTED BY QUALIFIED IMMUNITY AS TO PLAINTIFF'S FEDERAL FALSE ARREST CLAIMS

**A.    Qualified Immunity**

Qualified immunity is an "*immunity from suit* rather than the mere defense to liability and

is effectively lost if the case is erroneously permitted to go to trial." Pearson v. Callahan, 555 U.S.

223, 231 (2009). The United States Supreme Court has summarized the law on the doctrine of

qualified immunity:

> The doctrine of qualified immunity protects government officials
> from liability for civil damages insofar as their conduct does not
> violate clearly established statutory or constitutional rights of which
> a reasonable person would have known.  Qualified immunity gives
> government officials breathing room to make reasonable but
> mistaken judgments, and protects all but the plainly incompetent or
> those who knowingly violate the law.  Whether an official protected
> by qualified immunity may be held personally liable for an allegedly
> unlawful official action generally turns on the objective legal
> reasonableness of the action, assessed in light of the legal rules that
> were clearly established at the time it was taken.

Messerschmidt v. Millender, 565 U.S. 535, 546 (2011) (internal citations omitted).

The Supreme Court and the Second Circuit have recognized that police officers are entitled to qualified immunity unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" District of Columbia v. Wesby, 583 U.S. 48, 63 (2018) (citing Reichle v. Howards, 566 U. S. 658, 664 (2012)). "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied:  a) the defendant's action did not violate clearly established law, or b) it was objectively reasonable for the defendant to believe that his action did not violate such law."  Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014) (quoting Russo v. City of Bridgeport, 479 F.3d 196, 211 (2d Cir. 2007)).

"The standard is a "'forgiving'" one. Amore v. Novarro, 624 F.3d 522, 530 (2d Cir. 2010). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Kisela v. Hughes, 584 U.S. 100, 104 (2018) (internal citations and quotations omitted). "Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995). Only where an officer's judgment was "so flawed that no reasonable officer would have made a similar choice," is the denial of qualified immunity appropriate. Provost v. City of Newburgh, 262 F.3d 146, 169 (2d Cir. 2001).

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." Amore, supra, at 536. "Even in the absence of probable cause, this Court, for the purpose

of determining whether an officer is entitled to qualified immunity, will 'examine whether there is 'arguable probable cause.'" <u>Id</u>.

> Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. In deciding whether an officer's conduct was objectively reasonable for purposes of qualified immunity, [this Court] look[s] to the information possessed by the officer at the time of the arrest, but [this Court] do[es] not consider the subjective intent, motives, or beliefs of the officer. <u>Id</u>. (citations and internal quotation marks omitted).

<u>See</u> <u>Alhovsky v. Paul</u>, 406 Fed App'x 535, 536 (2d Cir. 2011) (Summary Order) ("When accused of making a false arrest, an officer is entitled to qualified immunity when the officer's probable cause determination was objectively reasonable. An officer's determination is objectively reasonable if there was arguable probable cause at the time of arrest - that is, if officers of reasonable competence could disagree on whether the probable cause test was met" [citations and internal quotation marks omitted].). "In deciding whether an officer's conduct was 'objectively reasonable' for purposes of qualified immunity, [the Second Circuit] look[s] to the information possessed by the officer at the time of the arrest." <u>Amore</u>, <u>supra</u>, at 531. "An officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances." <u>Lennon</u>, supra, at 420-21.

**B.    Probable Cause**

Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118 (2d Cir. 1995) (citing <u>Hygh v. Jacobs</u>, 961 F.2d 359, 366 (2d Cir. 1992)); <u>Boyd v. City of New York</u>, 336 F.3d 72, 75 (2d Cir. 2003). Probable cause requires only a probability, not an actual showing, of criminal activity. <u>Illinois v. Gates</u>, 462 U.S. 213, 244 n.13 (1983); <u>Ricciuti v. New</u>

York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 354 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993). In evaluating the existence of probable cause, courts "consider the facts available to the officers at the time of the arrest." Ricciuti, supra, at 128.

Moreover, the validity of an arrest does not depend upon an ultimate finding of guilt or innocence. Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Thus, whether plaintiff was later acquitted of the charges for which she was arrested is irrelevant to a determination of probable cause at the time of arrest. Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). Additionally, if there is probable cause to arrest, the arrest is not unlawful by virtue of the fact that the arresting officer did not identify a particular charge supported by said probable cause at the time of the arrest. Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006). Where there is probable cause, even for a minor offense, a custodial arrest may be made. See Atwater v. Lago Vista, 532 U.S. 318 (2001).

**C.    "Arguable Probable Cause" to Arrest Plaintiff**

New York Penal Law "Section 240.20(5) provides that '[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [sh]e obstructs vehicular… traffic.'" Case v. City of New York, et. al., 408 F. Supp.3d 313, 320 (S.D.N.Y. 2019) (quoting N.Y. Penal Law §240.20(5)). "The Second Circuit requires a showing that the putative offender was 'actually and immediately blocking' the …vehicular traffic in question." Id. (quoting Zellner v. Summerlin, 494 F.3d 344, 372 (2d Cir. 2007)).

Here, based on the BWC video of P.O. Mushtaq and plaintiff's deposition testimony[1], at a minimum, there was "arguable probable cause" for plaintiff's arrest[2]. See Goodman, supra (dismissing complaint against defendant officer upon motion for summary judgment based on qualified immunity where officer's video and plaintiff's deposition testimony established "arguable probable cause" for arrest based on charge of obstruction of governmental administration). In this case, following the subject demonstration, a vehicle that was heading westbound on East 72nd Street made a left hand turn onto Park Ave. (Ds' 56.1, ¶17) The vehicle entered the cross walk in front of where plaintiff was standing. (Ds' 56.1, ¶18) The vehicle slowed down. (Ds' 56.1, ¶19) Plaintiff then ran to in front of the vehicle from where she had been standing on the median of Park Ave. and stood in front of it with outstretched arms, thereby blocking it from moving forward. (Ds' 56.1, ¶¶20, 21) After plaintiff ran to in front of the vehicle, she banged on the hood of the vehicle four to five times. (Ds' 56.1, ¶22) There was thus "arguable probable cause" to arrest plaintiff for blocking vehicular traffic pursuant to New York Penal Law §240.20(5). Plaintiff's conduct indisputably meets the Second Circuit's requirement in Zellner, supra, that she was "'actually and immediately blocking' the …vehicular traffic in question.[3]"

---

[1] The cited to portions of plaintiff's deposition are consistent with what is depicted on P.O. Mushtaq's BWC.

[2] The existence of "arguable probable cause" applies to all individual defendants, including any John or Jane Doe. As such, plaintiff's claims should be dismissed against the Doe defendants as well.

[3] Although the officers arrested plaintiff for criminal mischief at the scene based on her banging on the front hood of the Kahane vehicle (and there is thus also arguable probable cause for attempted criminal mischief pursuant to New York Penal Code §§ 110.00 and 145.00(1)), as seen, if there is probable cause to arrest, the arrest is not unlawful by virtue of the fact that the arresting officer did not identify a particular charge supported by said probable cause at the time of the arrest. See Jaegly, supra. Nor are defendants in any way condoning Kahane's conduct in striking plaintiff with his vehicle after she unlawfully stood in front of it. He was arrested immediately. (Ds' 56.1, ¶27)

In sum, plaintiff's conduct was "arguably" unlawful and most certainly overzealous. Plaintiff is not a police officer, yet she viewed as one of her functions on the date of the incident that she was there to "ensure" "the safety of the public." (See Ds' 56.1, ¶2) That was improper. The Kahane vehicle had slowed down (Ds' 56.1, ¶19) and had hit no one when plaintiff decided to run to in front of it and block it from moving forward. It was not her job or function to enforce the law or protect the public, nor is any such contention justification for her conduct. A careful review of P.O. Mushtaq's BWC video, as well as plaintiff's deposition testimony, clearly demonstrate that plaintiff acted unlawfully in the moments leading up to being struck by the Kahane vehicle. There was thus "arguable probable cause" for plaintiff's arrest and the defendant officers (who had to make split second observations and decisions) should be afforded qualified immunity as to plaintiff's federal false arrest claim (First Cause of Action) on the basis of "arguable probable cause."

## POINT II

### THE INDIVIDUAL DEFENDANTS ARE PROTECTED BY QUALIFIED IMMUNITY AS TO PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIMS

To prevail on a First Amendment retaliation claim, plaintiff must prove 1) that [s]he has an interest protected by the First Amendment; 2) defendants' actions were motivated or substantially caused by [her] exercise of that right; and 3) the defendants' actions caused [her] some injury." Dorsett v. Cnty. of Nassau, 732 F.3d 157, 160 (2d Cir. 2013). Further, "[t]o prevail on a First Amendment claim based on a purported retaliatory arrest, the plaintiff 'must [also] plead and prove the absence of probable cause for the arrest.'" Boykin v. City of New York, 21 Civ. 1362 (DLC), 2022 U.S. Dist. LEXIS 178045, at *9 (S.D.N.Y. Sept. 29, 2022) (quoting Nieves v. Bartlett, 139 S. Ct. 1715, 1724 (2019)). "A 'narrow' exception to this requirement exists when a

plaintiff shows 'that [s]he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech' were not." Id., at *9-10 (quoting Nieves, supra, at 1727). Absent such a rule, policing such events "would pose overwhelming litigation risk" to police officers, which would "dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties." Nieves, supra, at 1725.

Here, for the same reasons set forth in Point I, supra, there was "arguable probable cause" for plaintiff's arrest. See Mozzochi v. Borden, 959 F.2d 1174, 1179 (2d Cir. 1992) (the defendant was entitled to qualified immunity on the plaintiff's claim that his arrest was in retaliation for the exercise of his First Amendment rights. A defendant's motivation will not be examined, this Court said, where "there were reasonable grounds for the defendant to believe that probable cause existed.").

There was no similarly situated individual who was not arrested for similar conduct committed by plaintiff, and who was not engaged in the same speech as plaintiff. As such, on the basis of qualified immunity, plaintiff's First Amendment retaliation claim (Second Cause of Action) should be dismissed against the individual defendants as well.

### POINT III

### THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

"Under 28 U.S.C. § 1367(a), federal courts have jurisdiction to decide claims over which they would not otherwise have jurisdiction, if those claims are so related to claims over which they do have jurisdiction that the claims form part of the same case or controversy." Seabrook v. Jacobson, 153 F.3d 70, 71 (2d Cir. 1998). "Subsection (c) of § 1367 lists several circumstances in which the federal court may choose not to exercise that jurisdiction: (1) the state claim raises a novel or complex issue of state law; (2) the state claim substantially predominates over the claim

over which the court has original jurisdiction; (3) the district court has dismissed all claims over which it had original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. "Other than the catch-all provision, the listed circumstances reflect concerns about the relationship between state and federal courts." Id.

The Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims considering the lack of any viable federal claims. See 28 U.S.C. § 1367(3); Kolari v. N.Y. Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). As the Second Circuit has articulated, "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over the remaining state law claims." Klein & Co. Futures, Inc. v. Board of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006). In the "usual case" where all federal claims "are eliminated before trial" the balance of factors to be considered – judicial economy, convenience, fairness, and comity – "will point toward declining to exercise jurisdiction over the remaining state law claims." Kolari, supra. As seen, plaintiff has failed to plausibly allege any federal claims. As such, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## POINT IV

### PLAINTIFF'S STATE LAW FALSE ARREST CLAIMS SHOULD BE DISMISSED

Since a claim for false arrest is rooted in the Fourth and Fourteenth Amendments, it is substantially the same as a New York state law claim for false arrest. See Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003). In deciding a motion to dismiss, a court may consider documents "integral" to the Complaint. See Kravtchouk, supra. "When specific interactions give rise to claims, recordings thereof are often deemed integral to the complaint." Barkai, supra. Where

13

a video is integral to the complaint, it may be considered upon a motion to dismiss, and the "[c]ourt need not accept the party's characterizations" of it. Hirsch, supra.

Here, for the reasons set forth above, the BWC video of P.O. Mustaq demonstrates that there was probable cause for plaintiff's arrest. As such, to the extent that the Court reaches plaintiff's state law false arrest claim (Third Cause of Action), it should be dismissed with prejudice against all defendants.

### POINT V

**PLAINTIFF'S NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION CLAIM AGAINST THE CITY SHOULD BE DISMISSED**

In order to state a claim for negligent hiring, retention, training and supervision, plaintiff must show, in addition to the standard elements of negligence: "(1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and, (3) that the tort was committed on the employer's premises or with the employer's chattels." Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (internal citations and quotation marks omitted). "A claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of [his or] her employment." Velez v. City of New York, 730 F.3d 128, 136-37 (2d Cir. 2013); Estate of Jaquez v. City of New York, 10 Civ. 2881 (KBF), 2014 U.S. Dist. LEXIS 81577, at *20-21 (S.D.N.Y. June 6, 2014); Zanfardino v. City of New York, et. al., 230 F. Supp.3d 325, 336 (S.D.N.Y. 2017) ("Plaintiff's claim against the City for negligent hiring, training, screening, supervising… must fail for the simple reason that he has not alleged a necessary element of such a claim—that either [individual] Defendant acted outside the scope of his or her employment.").

14

Moreover, "[a] cause of action for negligent hiring or retention requires allegations that the employer failed to investigate a prospective employee notwithstanding knowledge of facts that would lead a reasonably prudent person to investigate that prospective employee." <u>Bouchard v. New York Archdiocese</u>, 719 F. Supp. 2d 255 (S.D.N.Y. 2010) (internal quotation marks, alterations, and citation omitted); <u>see</u> <u>Soliman v. City of New York</u>, 15 Civ. 5310 (PKC)(RER), 2017 U.S. Dist. LEXIS 50599, at *35 (E.D.N.Y. Mar. 31, 2017) (such claim dismissed "where complaint does not allege any facts showing that the NYPD 'knew or should have known of the [officers'] propensity for the conduct which caused [Plaintiffs' alleged] injury'— as would be required to plausibly allege this claim."); <u>Mosca v. City of New York</u>, 17 Civ. 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846, at *19-20 (E.D.N.Y. Apr. 24, 2018) (M.J. Locke) (such claims dismissed because "[p]laintiff is unable to plausibly demonstrate that NYPD 'knew or should have known of [individual defendant's] propensity for the conduct which caused [plaintiff's alleged] injury.'"), <u>adopted</u> <u>by</u>, <u>Mosca v. City of New York</u>, 17 Civ. 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 84163 (E.D.N.Y. May 18, 2018); <u>Doe v. Abdulaziz Bin Fahd Alsaud</u>, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) (such claims dismissed where the complaint does not contain a factual allegation showing that the defendant "knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence.").

Plaintiff's negligent hiring, retention, training or supervision claim (Fourth Cause of Action) fails for a number of reasons. First, plaintiff has made no allegation that any individual defendant acted outside of the scope of his or her employment under the foregoing authorities. <u>Velez v. City of New York</u>, <u>supra</u>, 730 F.3d at 136-37; <u>Estate of Jaquez</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 81577, at *20-21; <u>Zanfardino v. City of New York, et. al.</u>, <u>supra</u>, 230 F. Supp.3d at 336. As such, this claim must fail for this reason alone.

Second, the Complaint is completely devoid of any facts as to the individual defendants as to any alleged propensity for the misconduct alleged in the Complaint that was known by and should have been investigated by the City prior to plaintiff's arrest, or any negligence by the City. As such, plaintiff's negligent hiring, retention, supervision and training claim should be dismissed for this reason as well pursuant to the foregoing authorities, Bouchard, supra; Soliman, supra; Mosca, supra; Doe, supra, and plaintiff's "threadbare" Fourth Cause of Action should fail.

## **CONCLUSION**

For the foregoing reasons, defendants' motions should be granted in their entirety, and the Complaint dismissed with prejudice.

Dated:        New York, New York
              October 9, 2025


              **MURIEL GOODE-TRUFANT**
              Corporation Counsel of the City of New York
              *Attorney for Defendants City of New York, Ashley*
              *Maharaj, Qasim Mushtaq and Neil Zuber*
              100 Church Street, Room 3-200
              New York, New York 10007
              (212) 356-3519


              By:    /s/ Mark D. Zuckerman
                     Mark D. Zuckerman
                     Senior Counsel

16

**<u>CERTIFICATION</u>**

I, Mark Zuckerman, certify that the Memorandum of Law in support of defendants'
motions contains 4,766 words and complies with the Court's formatting rules. I have relied on the
word count function of Microsoft Word to prepare this certification.

Dated: New York, New York
        October 9, 2025

By:     /s/ Mark D. Zuckerman
        Mark D. Zuckerman
        Senior Counsel